**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

George Lussier Enterprises,
Inc., et al.


     v.                                    Civil No. 99-cv-109-PB

Subaru of New England, Inc.,
et al.


**O R D E R**


     The Court has for consideration Defendants' Bill of Costs
(document no. 432), as supplemented (document no. 433), which is
ripe for decision.  The total amount that Defendants request is
$86,912.86.  After reviewing the Bill of Costs, Plaintiffs'
specific objections thereto (document no. 435), and Defendants'
responses (document no. 439), I find that the following
deductions should be made from the Defendants' request:

1.    The Court deducts $3,499.45 from the requested amount for
    deposition transcripts that Plaintiffs demonstrated that
    they provided to the Defendants free of charge;

2.    The Court deducts $1,997.17 from the requested amount for
    unsubstantiated postage charges;

3.    The Court finds that the Defendants waived the requested
    amount of $2,098.00 for Real Time charges;

4.   The Court finds that the Defendants waived the requested
     amount of <u>$12,466.96</u> for charges pertaining to depositions
     that were noticed and taken by Defendants, but not cited in
     the summary judgment materials;

5.   The Court finds that the Defendants waived the requested
     amount of <u>$4,805.36</u> for depositions that were noticed and
     taken by the Plaintiffs, but not cited in the summary
     judgment materials;[1] and

6.   The Court finds that the Defendants waived the requested
     amount of <u>$6,806.89</u> for charges pertaining to obtaining
     court hearing transcripts.

The total amount to be deducted from the Bill of Costs in the
above categories is <u>$31,673.83</u>.  The Court finds that the
Plaintiffs' remaining objections, not specifically addressed
above, are without merit.  In particular, the Court notes that it
is persuaded that the costs of transcription and videotape
deposition expenses should be allowed for the depositions that

---

[1]The amount that the Court finds should be deducted in this
category differs from that advanced by the Plaintiffs because the
Court has already deducted certain of the deposition transcript
charges in the first category of deductions, and because the
Court is not persuaded that the costs of William Kelly's
deposition transcript, which was submitted with the Defendants'
summary judgment motions, should be excluded.

were cited in the summary judgment materials.  See BDT Prods.,

Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 419 (6th Cir.), cert.

denied, 126 S. Ct. 384 (2005); Tilton v. Capital Cities/ABC,

Inc., 115 F.3d 1471, 1478 (10th Cir. 1997).

Taking into account the deductions to the amount requested

in Defendants' Bill of Costs, as set forth above, I direct the

clerk of court to tax as costs the amount of $55,239.03 in favor

of the Defendants.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: March 8, 2006

cc:  Richard B. McNamara, Esq.
     William A. Kershaw, Esq.
     Howard M. Cooper, Esq.
     Michael C. Harvell, Esq.
     Steven W. Kasten, Esq.
     Ronald L. Snow, Esq.